UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER "ROCKY" ROSEMA,

    Plaintiff,

v

    Case No. 1:10-cv-00777-PLM

    Hon. Paul L. Maloney

THE BERT BELL/PETE ROZELLE NFL
RETIREMENT PLAN BENEFITS
ADMINISTRATORS, et al

    Defendants.

---

| | |
|---|---|
| CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. | CLARK HILL PLC |
| By:  JAMES R. ACHO  (P-62175) | By:  JAMES L. WERNSTROM  (P-23071) |
| 33900 Schoolcraft | 200 Ottawa Avenue NW, Suite 500 |
| Livonia, MI  48150 | Grand Rapids, MI  49503 |
| (734) 261-2400 | (616) 608-1100 |
| Attorneys for Plaintiff | Attorneys for Defendant Bert Bell/Pete Rozelle NFL Retirement Plan Benefits Administrators |

---

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO SUBMIT A TIMELY RESPONSE AND FOR ENTRY OF DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF**

**NOW COMES** the Plaintiff, ROGER ROSEMA, by and through his attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.** by **JAMES R. ACHO**, and, submits this Motion to Strike Defendant's Response to Plaintiff's Motion for Summary Judgment for Failure to Submit a Timely Response and for Entry of Default Judgment in Favor of Plaintiff.  In support of this Motion, Plaintiff relies upon the attached Brief, the Federal Rules of Civil Procedure, and this Honorable Court's discretion.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court grant its Motion and strike Defendant's Response to Plaintiff's Motion for Summary Judgment, enter a default judgment against Defendant and in favor of Plaintiff, award Plaintiff $90,000 in back pension benefits and enter a judgment that Plaintiff is entitled to his pension moving forward, and grant any additional relief it may deem appropriate, including all interest and attorney fees.

        Respectfully submitted,

        /s/ JAMES R. ACHO
        James R. Acho (P-62175)
        Cummings, McClorey, Davis & Acho, P.L.C.
        33900 Schoolcraft Road
        Livonia, MI 48150
        (734) 261-2400
        Attorneys for Plaintiff

Dated: November 12, 2010        Email: jacho@cmda-law.com

P:\clerk\clerk1\Rosema-Mot to Strike Def's Response.wpd

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER "ROCKY" ROSEMA,

       Plaintiff,

                               Case No. 1:10-cv-00777-PLM

v

                               Hon. Paul L. Maloney

THE BERT BELL/PETE ROZELLE NFL
RETIREMENT PLAN BENEFITS
ADMINISTRATORS, et al

       Defendants.

_____

| CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. | CLARK HILL PLC |
|---|---|
| By:  JAMES R. ACHO  (P-62175) | By:  JAMES L. WERNSTROM  (P-23071) |
| 33900 Schoolcraft | 200 Ottawa Avenue NW, Suite 500 |
| Livonia, MI  48150 | Grand Rapids, MI  49503 |
| (734) 261-2400 | (616) 608-1100 |
| Attorneys for Plaintiff | Attorneys for Defendant Bert Bell/Pete Rozelle NFL Retirement Plan Benefits Administrators |

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT FOR FAILURE TO SUBMIT A TIMELY
RESPONSE AND FOR ENTRY OF DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF**

**TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# INDEX OF AUTHORITIES

**PAGE**

**CASES**

*Arnold v. Treadwell*, 2007 U.S. Dist. LEXIS 98167, Case No. 07-10209,
Hon. Paul V. Gadola (E.D. Mich. Oct. 18, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990)), rev'd o.g.,
44 F.3d 722 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Castleberry v. Neumann Law P.C.*, 2008 U.S. Dist. LEXIS 108042,
Case No. 1:07-cv-856, Hon. Paul L. Maloney (W.D. Mich. July
9, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Doe v. Cunningham*, 30 F.3d 879, 882 n.2 (7th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Galaxy Ventures, LLC v. Rosenblum*, 2005 U.S. Dist. LEXIS 46547,
2005 WL 5988690, *1 (D.N.M. July 21, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hayes v. Konteh*, 2008 U.S. Dist. LEXIS 16564, 2008 WL 596097,
*2 (N.D. Ohio Mar. 4, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hernandez-Festa v. Fernandez-Cornier*, 2007 U.S. Dist. LEXIS 59254,
2007 WL 2331946, *1 (D.P.R. Aug. 13, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Iglesias-Gonzalez v. Ponderosa, Inc.*, 2004 U.S. Dist. LEXIS 24452,
2004 WL 2793187, *1 (D.P.R. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Johnson v. United Airlines*, 680 F. Supp. 1425, 1987 WL 45230, *1
(D. Haw. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Krantz, Inc. v. Nissan North Am., Inc.*, 408 F. Supp.2d 854, 865
(D.S.D. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lozaya v. Garrou Const., Inc.*, 2006 U.S. Dist. LEXIS 19934, 2006
WL 1028869, *1 n.1 (D. Colo. Apr. 17, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Marshall v. Gates*, 812 F. Supp. 1050, 1057 n.25 (C.D. Cal. 1993). . . . . . . . . . . . . . . . . . . . . 4

*Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . 3

*Rojas v. City of New Brunswick*, 2007 U.S. Dist. LEXIS 26303, 2007
 WL 1101439, *3 (D.N.J. Apr. 9, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Schwarz v. Potter*, 2005 U.S. Dist. LEXIS 9116, 2005 WL 1148734,
 *1 (N.D. Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*SEC v. Intelliquis Int'l, Inc.*, 2003 U.S. Dist. LEXIS 27131, 2003 WL
 23356426, *1 (D. Utah Dec. 11, 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. v. Ramirez*, 148 F. App'x 721, 727-28 (10th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . 3

*US v. Pleasant*, 12 F. App'x 262, 269 (6th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Webb v. UnumProvident Corp.*, 507 F. Supp.2d 668, 677 n.11 (W.D.
 Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Westrick v. Dow Corning Corp.*, 2008 U.S. Dist. LEXIS 7260, 2008
 WL 269068, *3 (E.D. Ky. Jan. 29, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**COURT RULES**

Federal Rule of Civil Procedure 55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Western District of Michigan Local Rule 7.2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT FOR FAILURE TO SUBMIT A TIMELY
RESPONSE AND FOR ENTRY OF DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF**

**NOW COMES** the Plaintiff, ROGER ROSEMA, by and through his attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.** by **JAMES R. ACHO**, and for his Brief in Support of his Motion to Strike Defendant's Response to Plaintiff's Motion for Summary Judgment for Failure to Submit a Timely Response and for Entry of Default Judgment in Favor of Plaintiff, states as follows:

**STATEMENT OF FACTS**

As this Honorable Court is well-versed with the facts of this case and in the interest of conserving the judiciary's time and resources, the Plaintiff will not reiterate much of the facts of this case.  However, it is still noteworthy to point out that the present case arises out of the Defendant's wrongful denial of pension benefits rightfully owed to the Plaintiff which he is entitled to receive under the NFL's retirement plan.  Plaintiff filed a motion for summary judgment in this matter on September 30, 2010.  (**Dkt # 23-24: 9/30/10 Plaintiff's Motion and Brief in Support for Summary Judgment**).  Defendant did not respond to Plaintiff's motion until November 1, 2010, thirty-two (32) days later.  (**Dkt #25-26: 11/1/10 Defendant's Motion and Brief in Support for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment**).  As discussed below, since Defendant's response to Plaintiff's motion for summary judgment is untimely, the prevalence of legal authority holds that it should be stricken, and further, default judgment should be entered in favor of Plaintiff.

1

## **ARGUMENT**

Western District of Michigan Local Rule 7.2(c), states in pertinent part:

> 7.2 Dispositive motions
>
> (c) Briefing schedule - Any party opposing a dispositive motion shall, **within twenty-eight (28) days** after service of the motion, file a responsive brief and any supporting materials.

As mentioned above, Defendant did not file its responsive brief to Plaintiff's motion for summary judgment until thirty-two (32) days after it was served with the same. As a plethora of legal authority and this Honorable Court recently held, the Court must disregard Defendant's untimely opposition brief. *Castleberry v. Neumann Law P.C.*, 2008 U.S. Dist. LEXIS 108042, Case No. 1:07-cv-856, Hon. Paul L. Maloney (W.D. Mich. July 9, 2008). In *Castleberry*, a case before this Honorable Court, the Court disregarded an untimely opposition brief to a motion for summary judgment and treated the summary judgment motion as unopposed. *Id.* at *15-16. In doing so, the Court stated that the *pro se* untimely party never moved for an extension of time, and offered no explanation for his untimeliness. *Id.* at 14. The Court stated, "[e]ven a party proceeding pro se is not entitled to disregard the Federal Rules of Civil Procedure. Nor is a party entitled to disregard the Local Rules of the United States District Court . . . ." *Id.* (quoting *Krantz, Inc. v. Nissan North Am., Inc.*, 408 F. Supp.2d 854, 865 (D.S.D. 2005)). Here, Defendant, a sophisticated retirement board with sophisticated counsel, who is not given the same leniency as a *pro se* party when it comes to court filings, similarly never moved for an extension of time, nor offered an explanation for its untimeliness.

This Court is not obligated to consider Defendant Retirement Board's untimely response. *Id.* at 15. (citing *US v. Pleasant*, 12 F. App'x 262, 269 (6th Cir. 2001) ("[W]e are not obligated to

consider the issues raised by defendant's untimely brief . . . ."); *Westrick v. Dow Corning Corp.*, 2008 U.S. Dist. LEXIS 7260, 2008 WL 269068, *3 (E.D. Ky. Jan. 29, 2008) (when plaintiff filed opposition to summary judgment motion about nineteen days after the deadline established by local rules, court noted, "He has not explained his failure to file a timely response nor asked the court's permission to file an untimely response. Accordingly, the court need not consider the response at all.")).

Therefore, just as in *Castleberry*, this Court should treat Plaintiff's motion as unopposed. *Id.* at *15-16 (citing *Hernandez-Festa v. Fernandez-Cornier*, 2007 U.S. Dist. LEXIS 59254, 2007 WL 2331946, *1 (D.P.R. Aug. 13, 2007) ("This court is not obligated to consider the plaintiff's untimely opposition to the motion to dismiss. 'Rules are rules and the parties must play by them.' Consequently, this court deems defendants' motion to dismiss as unopposed.") (quoting *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990)); *Schwarz v. Potter*, 2005 U.S. Dist. LEXIS 9116, 2005 WL 1148734, *1 (N.D. Tex. 2005) (plaintiff's opposition was due on about April 5 but not filed until May 2; "Plaintiff has not shown good cause for failure to file a timely response. Nor did Plaintiff seek an order from the Court for an extension of time. Thus, the Court need not consider Plaintiff's untimely response."); *Iglesias-Gonzalez v. Ponderosa, Inc.*, 2004 U.S. Dist. LEXIS 24452, 2004 WL 2793187, *1 (D.P.R. 2004) (disregarding plaintiff's brief filed on December 1 in opposition to motion to dismiss filed on October 7).

As this Honorable Court further cited in *Castleberry*, there is a plethora of authority supporting Plaintiff's position that Defendant's untimely response must be stricken. *Id.* at *16-18. *See Hayes v. Konteh*, 2008 U.S. Dist. LEXIS 16564, 2008 WL 596097, *2 (N.D. Ohio Mar. 4, 2008) ("[T]he Court need not consider this untimely objection . . . ."); *U.S. v. Ramirez*, 148 F. App'x 721,

727-28 (10th Cir. 2005) ("We need not consider this or Mr. Ramirez's other claims . . . which were subsequently contained in a supplemental pleading that the district court determined was untimely filed. With respect to the latter, the district court clearly did not abuse its discretion in finding the supplemental memorandum of law was untimely filed."), cert. denied, 547 U.S. 1009, 126 S. Ct. 1480, 164 L. Ed. 2d 259 (2006); *Doe v. Cunningham*, 30 F.3d 879, 882 n.2 (7th Cir. 1994) (Manion, J.) (noting that the district court had stricken the plaintiff's untimely responses to defendants' motions for summary judgment); *Rojas v. City of New Brunswick*, 2007 U.S. Dist. LEXIS 26303, 2007 WL 1101439, *3 (D.N.J. Apr. 9, 2007) ("[T]he Court notes that it need not consider Plaintiff's motion because it is untimely.").

*See also Lozaya v. Garrou Const., Inc.*, 2006 U.S. Dist. LEXIS 19934, 2006 WL 1028869, *1 n.1 (D. Colo. Apr. 17, 2006) ("The Court directed Plaintiff's response to be filed no later than April 3, 2006. Plaintiff filed his Response on April 6, 2006. The Court need not consider this untimely filing . . . .") (record citation omitted); *Galaxy Ventures, LLC v. Rosenblum*, 2005 U.S. Dist. LEXIS 46547, 2005 WL 5988690, *1 (D.N.M. July 21, 2005) ("the Court is not obligated to consider Plaintiff's late response" to motion to strike an expert report); *Webb v. UnumProvident Corp.*, 507 F. Supp.2d 668, 677 n.11 (W.D. Tex. 2005) (court noted that it "need not consider" that portion of a response (to plaintiff's remand motion) which was late); *SEC v. Intelliquis Int'l, Inc.*, 2003 U.S. Dist. LEXIS 27131, 2003 WL 23356426, *1 (D. Utah Dec. 11, 2003) (noting that local rule permitted court to "ignore" an untimely opposition to a motion for summary judgment); *Marshall v. Gates*, 812 F. Supp. 1050, 1057 n.25 (C.D. Cal. 1993) ("[T]he court need not consider untimely affidavits opposing a summary judgment. * * * [A] court, in its discretion, can disregard untimely filed opposition materials.") (citing *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir.

1990)), rev'd o.g., 44 F.3d 722 (9th Cir. 1995); *Johnson v. United Airlines*, 680 F. Supp. 1425, 1987 WL 45230, *1 (D. Haw. 1987) ("The late filing was clearly in violation of [rule] requiring all opposition briefs to be filed eighteen (18) days before the hearing. The court need not consider memoranda which [violate] the Local Rules.").

Further, Federal Rule of Civil Procedure 55, which allows for a default judgment based on a parties failure to defend states, in pertinent part:

> Rule 55. Default; Default Judgment
>
> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
>   (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
>   (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

5

As discussed above, Defendant's failure to respond to Plaintiff's motion for summary judgment in a timely manner should result in the Court disregarding and striking Defendant's response. Consequently, such a failure to defend against Plaintiff's motion by Defendant must result in a default judgment against it. *See Arnold v. Treadwell*, 2007 U.S. Dist. LEXIS 98167, Case No. 07-10209, Hon. Paul V. Gadola (E.D. Mich. Oct. 18, 2007) (granting the plaintiff's motion for default judgment after two defendants, among other things, failed to respond to the plaintiff's dispositive motion).

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court grant its Motion and strike Defendant's Response to Plaintiff's Motion for Summary Judgment, enter a default judgment against Defendant and in favor of Plaintiff, award Plaintiff $90,000 in back pension benefits and enter a judgment that Plaintiff is entitled to his pension moving forward, and grant any additional relief it may deem appropriate, including all interest and attorney fees.

Respectfully submitted,

/s/ JAMES R. ACHO
James R. Acho  (P-62175)
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, MI  48150
(734) 261-2400
Attorneys for Plaintiff

Dated: November 12, 2010            Email: jacho@cmda-law.com

P:\clerk\clerk1\Rosema-Mot to Strike Def's Response.wpd

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: JAMES L. WERNSTROM, ESQ.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A

                                        /s/ James R. Acho
                                        Cummings, McClorey, Davis & Acho, P.L.C.
                                        33900 Schoolcraft
                                        Livonia, MI 48150
                                        Phone: (734) 261-2400
                                        Primary E-mail: jacho@cmda-law.com
                                        P-62175

P:\clerk\clerk1\Rosema-Mot to Strike Def's Response.wpd